UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARK GRIFFIN, | ) | CASE NO. 1:06 CV 1889 |
| Plaintiff, | ) ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| SGT. MARY MINER, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) ) | |

<u>CHRISTOPHER A. BOYKO, J.</u>:

On August 7, 2006, plaintiff <u>pro se</u> Mark Griffin filed this action under 42 U.S.C. § 1983 against Mansfield Correctional Institution ("MANCI") Mail Room Supervisor Sgt. Mary Miner. In the complaint, plaintiff alleges Sgt. Miner denied him access to the courts and retaliated against him for filing other civil actions. He seeks monetary damages.

*Background*

Mr. Griffin attempted to mail an "inmate free letter" to the Ohio Court of Claims. Mail room supervisor Mary Miner returned it to Mr. Griffin and informed him that it needed additional postage of $ 0.87 before it could be mailed. Mr. Griffin indicated that his prison trust account lacked sufficient funds to pay the postage at that time. He further asserted that he was indigent and should be permitted to send legal mail without charge. Sgt. Miner contended that he

was not, in fact, indigent. She reasoned that under Ohio Department of Rehabilitation and Correction Policy, an inmate is considered to be indigent only if, during the thirty days immediately preceding the request, the inmate has earned or received less than $ 9.00, and if the inmate's account balance has not exceeded $ 9.00 at any time during the thirty days immediately preceding the request. See DRC Policy 59-LEG-01(IV)(B). Although Mr. Griffin's account balance at the end of the month was less than $0.48 due to the deduction of child support and court filing fees; he earned $ 17.00 for his work in the prison, and therefore, did not qualify as indigent. Mr. Griffin claims Sgt. Miner denied him access to the courts. He further asserts that she retaliated against him for filing five other civil cases.

### *Exhaustion of Administrative Remedies*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity, and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants

he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden and Institutional Inspector must be filed directly to the Office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(L). The decision of the Chief Inspector or designee is final. OHIO ADMIN. CODE § 5120-9-31(L).

Plaintiff has not demonstrated that he has exhausted his administrative remedies for each claim against this defendant. He attaches several Informal Complaint Resolution forms, a Notification of Grievance form, the Decision of the Institutional Inspector and an Appeal to the Chief Inspector. All of these grievances pertain to Mr. Griffin's assertion that he was denied access to the courts. None of the grievance forms contains an allegation of retaliation. His retaliation claim therefore has not satisfied the mandates of 42 U.S.C. § 1997e. Moreover, Mr. Griffin has not included a copy of the Decision of the Chief Inspector regarding his access to court's claim, nor has

he described with particularity in his pleading the Chief Inspector's response. It is important that this information be included with the complaint because an inmate may simply complete the appeal form and submit it with his complaint to federal court claiming that it demonstrates exhaustion of administrative remedies.[1] The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Mr. Griffin has not satisfied that burden.

## *28 U.S.C. § 1915(e)*

Generally, if the exhaustion requirement has not been met, the federal case will be dismissed without prejudice. Brown v. Toombs, 139 F.3d at 1104. If, however, a complaint on its face clearly fails to state a claim upon which relief may be granted, the court may dismiss it on the merits without requiring exhaustion. See 42 U.S.C. § 1997e(c)(2); Id. While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). Although plaintiff has not demonstrated that he has complied with the mandates of section 1997(e),

---

[1] In fact, the Appeal to the Chief Inspector submitted by Mr. Griffin appears to be the original, not a photocopy or a carbon copy. It does not contain any indication that the Appeal was received by the Chief Inspector.

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

his complaint fails to state a claim upon which relief may be granted, and is subject to dismissal without exhaustion.

To state a claim for denial of access to the courts, Mr. Griffin must demonstrate he suffered actual injury as a result of the defendant's actions. Lewis v. Casey, 518 U.S. 343, 351 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. Id. A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing, or caused the rejection of, a specific non-frivolous direct appeal, habeas corpus application, or civil rights action. Id.; Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[3] Id. at 355.

In support of the claim of actual injury, Mr. Griffin states he was attempting to send a "letter to the Court of Claims of Ohio." (Compl. at 2.) The First Amendment right of access to the courts extends only to direct appeals, habeas corpus applications, and civil rights actions. There is no suggestion that the letter to the Ohio Court of Claims pertained to one of these types of actions. Furthermore, Mr. Griffin fails to allege any facts regarding the content of the letter or the purpose for which he was sending it. There are numerous reasons a prisoner may be corresponding with a court, many of which do not concern substantive legal rights of the letter's author. There is also no indication that the failure to send the letter caused a specific claim to be rejected by the court or

---

[3] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355.

prevented him from filing an action. Without this information, Mr. Griffin fails to state a critical element of this cause of action. See Hadix, 182 F.3d at 405.

In addition, Mr. Griffin fails to state a claim of relief for retaliation. To state a *prima facie* case for retaliation, plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that a causal connection exists between the first two elements. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999). Mr. Griffin has not satisfied these criteria.

An inmate has a First Amendment right to file lawsuits against prison officials. See Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir. 1996). To state a constitutional claim, however, Mr. Griffin must not only show he exercised this First Amendment right, but also must demonstrate that adverse actions were taken against him which were motivated, at least in part, by the grievances he filed. Thaddeus-X, 175 F.3d at 394. He alleges that Sgt. Miner refused to allow him to send a letter to the court without sufficient postage because he did not qualify as indigent under Ohio Department of Rehabilitation and Correction policy. He contends without explanation that her actions were motivated by prior lawsuits he filed in the United States District Court for the Northern District of Ohio, the United States District Court for the Southern District of Ohio, the Ohio Court of Claims, and the Tenth District Court of Appeals. The action filed in the Northern District of Ohio, Griffin v. Fairbanks-Mills, Case No. 1:05 CV 2399, contends that Officer Fairbanks-Mills was searching his cell in retaliation for a pending civil suit against the Warden. The action filed in the Southern District of Ohio, Griffin v. Croft, Case No. 2:06 CV 56, is asserted against members of the parole board. His two cases in the Ohio Court of Claims involve denial of medication by Officer Lewis,

Griffin v. Ohio Dep't of Rehabilitation and Correction, Case No. 2005-10861, and the loss of a cassette player after a cell search, Griffin v. Ohio Dep't of Rehabilitation and Correction, Case No. 2005-08271. There are no facts set forth in the complaint which fairly suggest Sgt. Miner's denial of Mr. Griffin's attempt to send a letter without sufficient postage was motivated by an intent to retaliate against him for filing these lawsuits. Sgt. Miner is not named in any of these actions; and there are no allegations in the pleading which reasonably indicate that she was even aware that these actions had been filed. His retaliation claim is stated solely as a vague legal conclusion. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

**IT IS SO ORDERED.**

DATE: 10/31/06

FILED
OCT 31 2006
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

*Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**UNITED STATES DISTRICT JUDGE**

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.